Filed 4/27/23  P. v. Tacardon CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>  v.<br><br>LEON WILLIAM TACARDON,<br><br>    Defendant and Respondent. | C087681<br><br>(Super. Ct. No. STK-CR-FER-2018-0003729)<br><br>OPINION ON TRANSFER |

Defendant Leon William Tacardon was charged with possession of a controlled substance for sale and misdemeanor possession of marijuana for sale.  Evidence of these crimes was seized following an interaction with San Joaquin County Sheriff's Deputy Joel Grubb.

In our prior opinion, we concluded that defendant was not detained by Deputy Grubb when Grubb detained a female passenger, who jumped out of the car defendant was in as the deputy approached.  Rather, defendant was detained when Grubb smelled

1

marijuana smoke, observed drugs in the car, and told defendant to remain in the car while the deputy conducted a records check. At that point, we held there was no doubt the deputy possessed a reasonable suspicion that defendant was engaged in criminal activity. (*People v. Tacardon* (2020) 53 Cal.App.5th 89, 100-101 (*Tacardon I*).) Accordingly, we reversed the trial court's order setting aside the magistrate's ruling denying defendant's suppression motion. (*Id*. at p. 101.)

The California Supreme Court granted review to examine the significance of the deputy's use of a spotlight. The court concluded that "shining a spotlight for illumination does not ipso facto constitute a detention under the Fourth Amendment." (*People v. Tacardon* (2022) 14 Cal.5th 235, 238 (*Tacardon II*).) Rather, the inquiry whether a defendant was detained requires consideration of the totality of the circumstances, including the spotlight use. (*Ibid*.) The court reversed the judgment. (*Id*. at p. 256.)

However, the court determined that the critical question was whether defendant was aware of the deputy's direction to the female passenger to stand on the sidewalk, an issue the magistrate's ruling on the motion to suppress failed to consider. (*Tacardon II, supra*, 14 Cal.5th at pp. 254-255.) As the record supports conflicting inferences on this issue, the court remanded the case for a new factual finding regarding whether defendant was aware of the woman's detention and then to assess whether defendant was detained under the totality of the circumstances. (*Id*. at p. 256.) Accordingly, we will in turn remand to the superior court for this purpose.

FACTUAL AND PROCEDURAL BACKGROUND

We state the facts as set forth in the California Supreme Court's opinion.

"Sheriff's Deputy Joel Grubb testified to the following facts at the preliminary hearing, where defendant Leon William Tacardon first moved to suppress evidence.

"On a March evening, around 8:45 p.m., in a residential Stockton neighborhood, Grubb was on patrol in a marked car. The area was known for narcotics sales and weapons possession. While patrolling, Grubb had both his headlights and high beams on

2

for 'extra visibility.' He drove past a BMW legally parked in front of a residence, in the vicinity of a streetlight. The car's engine and headlights were off; smoke emanated from slightly open windows. He saw three people inside and made eye contact with the occupants as he drove past them. Grubb made a U-turn, parked about 15 to 20 feet behind the BMW, and turned on his spotlight. He did not activate his siren or emergency lights or issue any commands to the car's occupants. He sat in his patrol car for 15 to 20 seconds while he informed dispatch of his location. He then approached the BMW at a walking pace. He did not draw a weapon.

"As the deputy approached, a woman sitting in the backseat 'jumped out' of the BMW, closing the door behind her. The deputy testified that '[i]t was very quick and kind of abrupt the way that she opened the door and quickly stepped out. I felt it was unusual.' She walked towards the back of the BMW, and Grubb asked her what she was doing. She responded, 'I live here.' Concerned for his safety, the deputy directed the woman to stand near the sidewalk behind the BMW where he could see her. He spoke in a calm and moderate voice and did not draw a weapon. The woman complied.

"Grubb continued to walk toward the car. As he came within a few feet of the BMW, he smelled marijuana smoke coming from inside. The car's rear windows were tinted. Even with the spotlight on, Grubb had to use a flashlight to illuminate the car's interior. He could see one large and two smaller clear plastic bags on the rear passenger floorboard. They contained a green leafy substance.

"[Defendant] sat in the driver's seat. Upon request, both he and the front seat passenger identified themselves. Only the passenger produced identification. After Grubb saw a partially burned, hand-rolled cigarette in the center console, he asked [defendant] about that item and the leafy substance in the bags. Asked whether he was on probation or parole, [defendant] said he was on probation. The discussion lasted two to three minutes.

"Telling [defendant] to remain seated, Grubb returned to his patrol car. A records

3

search confirmed that [defendant] was on probation with a search condition. After additional officers arrived, the deputy placed [defendant] in the back of the patrol car and searched the BMW. He seized the three plastic bags in the backseat and a vial containing 76 pills. A search incident to arrest revealed that [defendant] carried $1,904 in cash. Laboratory analysis confirmed that the bags contained 696 grams of marijuana, and the pills were hydrocodone. The amount of drugs, their presence in a car, and the accompanying cash were factors consistent with possession for sale." (*Tacardon II*, *supra*, 14 Cal.5th at pp. 238-239.)

## DISCUSSION

We conclude that the California Supreme Court's remand to this court requires that we in turn remand this case to the superior court for additional factual findings. As our high court noted, we concluded in our prior opinion that Deputy Grubb's shining a spotlight on the car did not constitute a detention. (*Tacardon II*, *supra*, 14 Cal.5th at p. 240.) However, we rejected the lower court's conclusion that the deputy's detention of the female passenger resulted in defendant's detention, because the deputy did not convey to defendant, as he did to the woman, that defendant was required to remain in place. (*Ibid.*) Our high court said it was clear that defendant was detained at some point, but if the detention occurred before the deputy smelled marijuana smoke and observed bags of what appeared to be marijuana, the search was unjustified and the evidence discovered subject to suppression. (*Id.* at p. 242.) Under the totality of the circumstances test the court adopted, defendant was not detained when Grubb parked behind the BMW, shined a spotlight on it, and began his approach on foot. (*Id.* at p. 247.)

However, it was clear that the female passenger was detained by the deputy's direction to her to remain on the sidewalk. (*Id.* at p. 253.) An officer's show of authority to others can communicate that a defendant is not free to leave. (*Id.* at pp. 253-254.) But the defendant must be aware of the officer's show of authority towards another. (*Id.* at p. 254.) The California Supreme Court concluded, "[T]he critical factual question was

4

whether [defendant] overheard or otherwise perceived the deputy's interaction with the passenger. But the record shows the magistrate did not consider this question." (*Id.* at p. 254.) Thus, the magistrate erred "by failing to consider whether the deputy's interaction with [defendant]'s passenger, together with all the other relevant circumstances, effected a detention of [defendant] as well." (*Id.* at p. 255.)

Listing a number of circumstances militating for and against a finding that defendant was aware of the interaction between Grubb and the female passenger, our Supreme Court concluded that it could not resolve the issue because the record supported conflicting inferences. (*Tacardon II*, *supra*, 14 Cal.5th at pp. 255-256.) The court said: "On this record, we cannot say there is only one reasonable inference to be drawn from the facts. Accordingly, we find it appropriate to remand the matter for a new factual finding as to whether [defendant] was aware of the woman's detention and to assess whether [defendant] was detained under the totality of the circumstances." (*Id.* at p. 256.) The court reversed our judgment and remanded the case for further proceedings consistent with its opinion. (*Ibid.*)

We conclude that the Supreme Court's remand to this court requires that we in turn remand the case to the superior court to make the requisite factual finding and determine the point at which defendant was detained, applying the totality of the circumstances test adopted by our high court. (See *People v. Jenkins* (2004) 119 Cal.App.4th 368, 374; *People v. Bowers* (2004) 117 Cal.App.4th 1261, 1273; see also *In re Edgerrin J.* (2020) 57 Cal.App.5th 752, 669-770.) Given our conclusion to remand for further factual findings, we decline defendant's request to address the applicability of *People v. McWilliams* (2023) 14 Cal.5th 429.

## DISPOSITION

The judgment is reversed and the matter remanded to the superior court with directions to vacate its order granting the motion to suppress and to conduct a new evidentiary suppression hearing in order to determine whether defendant was aware of the female passenger's detention, and if so, whether the search was legally justified under the totality of the circumstances test adopted by the California Supreme Court in this case. Based on the evidence adduced at the new suppression hearing, the trial court shall enter a new order granting or denying the motion to suppress and conduct such other proceedings as may be justified under the circumstances.

/s/ _____
ROBIE, Acting P. J.

We concur:

/s/ _____
EARL, J.

/s/ _____
McADAM, J.*

_____

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6